UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ELAINE AUSTIN** | **CASE NO. 6:24-CV-00782** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GEOVERA SPECIALTY INSURANCE CO** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before this Court is G EO V ERA S PECIALTY I NSURANCE C OMPANY'S R ULE 12(B)(6) M OTION TO D ISMISS filed by defendant GeoVera Specialty Insurance Company. (Rec. Doc. 13). Plaintiff Elaine Austin filed an opposition (Rec. Doc. 17) to which GeoVera replied (Rec. Doc. 18). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, law, and argument, and for the reasons explained below, this Court recommends that GeoVera's instant motion be GRANTED.

### Factual Background

Austin filed suit against GeoVera on May 1, 2024 in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. (Rec. Doc. 1-3). Austin's suit alleges that GeoVera breached the insurance policy it issued in favor of her property located in Lafayette, Louisiana[1] by failing to tender amounts due for covered losses resulting from a March 22, 2022 windstorm and vandalism occurring on or about May 1, 2022. (*Id*. at ¶¶ 7, 8, 16, 27–34). Additionally, Austin asserts claims for breach of the statutory duties of good faith and fair dealing under La. R.S. §§ 22:1892 and 22:1973. (*Id*. at ¶¶ 35–43).

---

[1] Policy No. GC70048529 bearing a policy term of October 31, 2021–October 31, 2022. (Rec. Doc. 13-2).

Invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332, GeoVera removed Austin's suit to this Court on June 10, 2024. (Rec. Doc. 1). Shortly thereafter, GeoVera filed the instant Motion to Dismiss, seeking dismissal of all Austin's claims based on her insurance claim for damages arising from the 2022 windstorm as prescribed. (Rec. Doc. 13-1). All necessary briefs are now filed. (Rec. Docs. 17, 18). Accordingly, the instant motion is properly before this Court for consideration.

## **Applicable Standard**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal

conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting C. Wright & A. Miller, 5C Federal Practice and Procedure 3d § 1216, pp. 235-36). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl. v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

3

## Analysis

The parties agree, as does this Court, that Louisiana law governs the interpretation of the insurance policy at issue. *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 1999)). The policy was issued and executed in Louisiana and contemplates coverage of real property located in Louisiana. (Rec. Doc. 13-2 at p. 2).

Louisiana law provides that an insurance policy is a contract between the parties and must be construed using the general rules of contract interpretation found in the Louisiana Civil Code. LA. CIV. CODE ANN. art. 1983; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (internal citations omitted). Where, as here, an insured claims coverage under a policy of insurance and such coverage is disputed, the insured must bear the burden of proving that the claim falls within the policy's coverage according to its terms. *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000). Conversely, the insurer bears the burden of proving that an insured's claim is subject to an exclusionary clause within the policy. *Yount v. Maisano*, 627 So.2d 148, 151 (La. 1993).

Courts interpreting insurance policies must do so by construing the policy's words and phrases according to "their plain, ordinary and generally prevailing meaning." LA. CIV. CODE ANN. arts. 2045, 2047. Where the words and phrases of an insurance policy "are clear and explicit and lead to no absurd consequences," courts must refrain from further interpretation and must apply the law among the parties as contained within the policy. LA. CIV. CODE ANN. art. 2046; *Franklin v. Regions Bank*, 125 F.4th 613, 623 (5th Cir. 2025) (citing *Gulf Eng'g Co. v. Dow Chem. Co.*, 961 F.3d 763 (5th Cir. 2020).

GeoVera contends that the terms of the policy at issue require that any suit against it must be brought within two years of the date of loss. The policy contains the following provision:

> **H. Suits Against Us**
>
> No action can be brought against us unless there has been full complaint with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

(Rec. Doc. 13-2 at p. 58).

This language complies with La. R.S. § 22:868(B), which limits the ability of insurers to contract for prescriptive periods less than "twenty-four months next after the inception of the loss when the claim is a first-party claim." A "first party claim" is one filed by the insured against the insurer that arises "out of the occurrence of the contingency or loss covered by the policy." La. R.S. § 22:1692(3).

GeoVera asserts that "date of loss" included in Subsection H above means "inception of the loss" as that term has been interpreted by Louisiana courts. Citing *Gremillion v. Travelers Indem. Co.*, GeoVera claims that "date of loss" should be read to mean "the time of the [loss] and not the time of ascertainment of the loss." 240 So.2d 727, 731 (La. 1970). Applying this reasoning, GeoVera seeks dismissal of Austin's windstorm claims as prescribed, since Austin's May 1, 2024 suit was filed more than two years after that March 22, 2022 date of loss. (Rec. Doc. 13-1 at pp. 5–6).

This Court agrees that the policy language establishes a liberative prescriptive period for the filing of a first party claim against GeoVera which, under the facts of this case, required that Austin file suit against GeoVera no later than March 22, 2024 on claims arising from the March 22, 2022 windstorm. *Wolfe World, LLC v. Stumpf*, 43 So.3d 311, 313 (La. App. 4 Cir. 2010). Accordingly, Austin's claims arising from the March 22, 2022 windstorm

are prescribed on their face. Austin has not met her burden to demonstrate that such claims are not prescribed. *Id.* at 314 (citing *Mallett v. McNeal*, 939 So.2d 1254, 1258 (La. 2006) (the initial burden on the issue of prescription lies with the party asserting the defense unless plaintiff's claim is prescribed on its face, whereby the burden shifts to the plaintiff to demonstrate continued claim viability)). Austin has not borne this burden and, instead, offers that her suit merely references the March 22, 2022 windstorm and related facts, but does not assert claims arising out of that date of loss. (Rec. Doc. 17 at p. 2–3).

Based on Austin's response to GeoVera's motion, this Court will recommend that GeoVera's motion be granted, dismissing with prejudice all claims arising from the March 22, 2022 windstorm, to the extent that such claims are asserted in Plaintiff's instant suit.

## Conclusion

For the reasons discussed herein, the Court recommends that GEOVERA SPECIALTY INSURANCE COMPANY'S RULE 12(B)(6) MOTION TO DISMISS (Rec. Doc. 13) be GRANTED and, accordingly, to the extent that Plaintiff Elaine Austin's suit asserts claims for covered losses arising from the March 22, 2022 windstorm referenced in her Complaint, further recommends that all such claims be DISMISSED with prejudice as prescribed according to the policy of insurance in effect among the parties on the date of loss and preserving Austin's remaining claims for further proceedings as may be appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 12th day of March, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**